UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DANIEL L. WINTERS, JR.

          CIVIL ACTION

VERSUS

          NUMBER 13-468-JJB-SCR

TEACHERS RETIREMENT SYSTEM
OF LOUISIANA (TRSL)

## **NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 15, 2014.

                      STEPHEN C. RIEDLINGER
                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL L. WINTERS, JR.

VERSUS

TEACHERS RETIREMENT SYSTEM
OF LOUISIANA (TRSL)

CIVIL ACTION

NUMBER 13-468-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, against the Teachers Retirement System of Louisiana ("TRSL") seeking $2,000,000 in compensatory damages for lost wages, mental and emotional distress, and mental illness. Plaintiff alleged that his $11,822.18 annual payment from the TRSL is below the poverty level, and he wants to be paid enough to maintain "the normal life style in society today."

There is no apparent factual or legal basis for the plaintiff's claim against the TRSL. Plaintiff alleged no facts that would support federal question jurisdiction under 28 U.S.C. § 1331 (plaintiff did not allege any violation of a federal Constitutional right or federal statute) or diversity jurisdiction under 28 U.S.C. § 1332 (plaintiff is a Louisiana citizen and the TRSL is presumably a Louisiana governmental agency or quasi-governmental entity).

Plaintiff did not allege that the TRSL is paying him less than the amount due to him, or that his benefits were incorrectly

calculated.  Stated simply, the plaintiff is just dissatisfied with what he is receiving.  These allegations do not state a claim upon which relief may be granted and therefore would not survive a Rule 12(b)(6), Fed.R.Civ.P., motion.

A review of the record after the time allowed by Rule 4(m), Fed.R.Civ.P., for the plaintiff to serve the defendant had expired showed that the defendant had not filed an answer or other responsive pleading nor made an appearance.  Also, nothing in the record indicated that the defendant had been served with a summons and the complaint or had waived service.  Plaintiff was ordered to show cause on December 6, 2013 why his complaint should not be dismissed for failure to serve the defendant within the time allowed by Rule 4(m).[1]  Plaintiff filed a written response to the order.[2]

Plaintiff asserted in his response that he is presently in a hospital and taking "mental health drugs," and although he has a lawyer (Chandra Rheemes, a mental health advocacy lawyer) she is not available to assist him as to the show cause order.[3]  Plaintiff argued that the show cause order is unfair and unjust.

---

[1] Record document number 2.  Plaintiff is proceeding in proper person, but not in forma pauperis.

[2] Record document number 3.

[3] *Id.* Plaintiff actually asserted that "she is not available for comment," which the court interprets to mean that she is unable to assist the plaintiff in connection with this case, at least at this time, but maybe not at all.

3

Rather than recommend that the plaintiff's complaint be dismissed pursuant to Rule 4(m), or for lack of subject matter jurisdiction, or for failure to state a claim upon which relief can be granted, on January 9, 2014 the undersigned extended the time for the plaintiff to file an amended complaint to January 31 and extended the time to serve the defendant to February 14.[4] The order warned the plaintiff that failure to file an amended complaint which alleges sufficient facts to support subject matter jurisdiction, and which states a claim against the Teachers Retirement System of Louisiana upon which relief may be granted, or failure to timely serve the defendant, may result in dismissal of the complaint.

Plaintiff failed to file an amended complaint, has not served the defendant or filed a waiver of service by the defendant, and has not provided any facts sufficient to warrant extending the time for service again.[5]

---

[4] The order stated "February 14, 2013," which is an obvious typographical error.

[5] The court received a letter from the plaintiff which is undated but appears to be postmarked on January 17, 2014. Record document number 5. In the letter the plaintiff addressed subject matter jurisdiction and the factual basis for the claim against the defendant by alleging that the defendant "don't want to pay me the $60,000 in wages they owe me." Plaintiff addressed service of process by asking the court to "suggest a good lawyer to summon TRSL to court."

4

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed for lack of subject matter jurisdiction, and without leave to amend since the plaintiff has already had ample time to file a sufficient amended complaint.

Baton Rouge, Louisiana, May 15, 2014.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE